IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN M. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 08-3266 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Kevin M. Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Motion). The Government filed a Response to Motion Under 28 U.S.C. § 2255 (d/e 5), and Petitioner filed his Response to Government's Reply Brief (d/e 6). For the reasons stated below, Johnson's Petition is denied.

FACTS

On January 6, 2005, the Government charged Petitioner Kevin M. Johnson in a two-count Indictment in the Central District of Illinois. Central District Illinois Case No. 05-30011, Indictment (d/e 1). The

charges were: (1) conspiracy to manufacture 50 grams or more grams of methamphetamine and/or 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine; and (2) conspiracy to distribute 50 grams or more of methamphetamine and/or 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. <u>Central District Illinois Case No. 05-30011, Indictment (d/e 1)</u>. Johnson pleaded guilty to both charges on March 22, 2006, with sentencing to be held on July 14, 2006. <u>Central District Illinois Case No. 05-30011, 03/22/2006 Minute Entry</u>. He remained on bond pending sentencing. <u>Id.</u>

On June 20, 2006, the Government filed under seal a Petition for Action on Conditions of Pretrial Release, which incorporated the report of U.S. Probation Officer Paul D. Kotcher. The Government requested that the Court order Johnson's bond be revoked and order his arrest for, among other alleged violations, threatening Julia Raymond, one of the witnesses in the case against him. <u>Central District Illinois Case No. 05-30011, Petition for Action on Conditions of Pretrial Release (d/e 49)</u>. Magistrate Judge Byron Cudmore granted the Government's Petition that same day, and Johnson was arrested and placed in the U.S. Marshal Service's custody.

Central District Illinois Case No. 05-30011, 06/22/2006 Minute Entry.

Johnson's attorney filed, and the Court granted, a Motion for Appointment of Investigator, to look into the circumstances surrounding his arrest for violating the conditions of his bond. Central District Illinois Case No. 05-30011, Motion for Appointment of Investigator (d/e 51); 06/26/2006 Text Order. On July 7, 2006, the Court consolidated Johnson's bond hearing with his sentencing hearing, to take place on October 16, 2006. Central District Illinois Case No. 05-30011, 07/07/2006 Text Order.

The U.S. Probation Office created a Presentence Investigation Report (PSR), which indicated that Johnson was responsible for 2661.04 grams of a mixture or substance containing methamphetamine, resulting in a base offense level of 34. Central District Illinois Case No. 05-30011 PSR (d/e 84), ¶¶ 76, 86. The PSR gave Johnson a 3-level enhancement for creating a substantial risk of harm to human life and to the environment, and a 2-level enhancement for obstruction of justice. PSR ¶¶ 88, 92. The PSR stated that Johnson was not entitled to the 2-level reduction under the "safety valve" provision of U.S.S.G. § 5C1.2(a)(1) because of the threats of violence he made in connection with his offenses. PSR ¶ 89. Additionally, Johnson was ineligible for a 3-level reduction for acceptance of responsibility

because his obstruction of justice was inconsistent with accepting responsibility for his actions. PSR, ¶ 94. He had 1 criminal history point, placing him in Category I. PSR, ¶¶ 101-03. The PSR stated that Johnson's total offense level was 39, with a sentencing guideline range of 262 to 327 months. PSR ¶ 146. Had Johnson not received the 2-level enhancement for obstruction of justice, and had he received reductions under the safety valve and acceptance of responsibility provisions, his total offense level would have been 32, with a mandatory minimum sentence of 120 months on each charge.

Johnson's attorney filed a Commentary on Sentencing Factors, objecting to the obstruction of justice enhancement and the loss of reductions to the offense level for accepting responsibility and the safety valve provision. Central District Illinois Case No. 05-30011, Defendant's Commentary on Sentencing Factors (d/e 71). In the Commentary, Johnson's attorney argued that Raymond's accusations against Johnson were fabricated, and that Johnson therefore should not receive an enhancement for obstructing justice. Id., p. 4. Johnson's attorney also attached the report of an investigator he had hired to look into the incident with Raymond. Id., Ex. A. Trial counsel supplemented this filing three times, attaching the

investigator's reports as they became available. <u>Central District Illinois Case No. 05-30011, Supplement to Defendant's Commentary on Sentencing Factors (d/e 75); Second Supplement to Defendant's Commentary on Sentencing Factors (d/e 76); Third Supplement to Defendant's Commentary on Sentencing Factors (d/e77)</u>.

At the October 16, 2006, evidentiary hearing, Johnson's attorney raised objections to the sentence enhancements for obstruction of justice and for creating a substantial risk of harm to human life or the environment. <u>Central District Illinois Case No. 05-30011, Transcript of Proceedings 10/16/2006</u>, at 4-5. He also objected to the lack of a reduction under the safety valve and acceptance of responsibility provisions. <u>Id.</u> When the Court asked Johnson whether he had any additional objections, he said, "I don't believe so, no." <u>Id.</u> at 5. Johnson's counsel proceeded to call several witnesses who testified about the altercation between Johnson and Raymond. <u>Id.</u> at 8-110. At the conclusion of the testimony, Johnson's attorney argued that the evidence was insufficient to demonstrate that Johnson had threatened Raymond, and therefore the obstruction of justice enhancements should not apply. He also argued that Johnson should have the benefit of the reductions for acceptance of responsibility and the safety

valve provision. Id. at 111-12.

Ultimately, the Court adopted the PSR's recommendations and sentenced Johnson to 230 months, a sentence below that recommended by the Guidelines and more in keeping with the sentences given to his co-conspirators. Id. at 143. The Court gave Johnson a 10-month credit for time already served, leaving him with 220 months on each count to run concurrently. Id.

Johnson filed a Notice of Appeal on October 18, 2006. Central District Illinois Case No. 05-30011, Notice of Appeal (d/e 79). The United States Court of Appeals for the Seventh Circuit appointed a federal defender to prosecute Johnson's appeal. The two issues that Johnson's attorney presented to the Seventh Circuit were: (1) whether Johnson confronting Raymond constituted obstruction of justice; and (2) whether the confrontation constituted a threat sufficient to eliminate a sentencing reduction under the safety valve provision. Response to Motion Under 28 U.S.C. § 2255, Ex. 1, p. 2. The Seventh Circuit rejected both of these arguments, holding that the District Court did not err in giving Johnson an enhancement for obstruction of justice, and that his altercation with Raymond made him ineligible for a sentence reduction under the safety

valve provision. United States v. Johnson, 497 F.3d 723, 725 (7th Cir. 2007).

Johnson then filed his Motion in the instant matter, arguing that he is entitled to relief under § 2255 because he was denied his Sixth Amendment right to effective assistance of counsel at both the sentencing and appellate phases of his criminal case.

## ANALYSIS

Johnson has failed to establish that he is entitled to relief under § 2255. First, Johnson faces two procedural issues: (1) his claims are repetitive of those raised on direct appeal; and (2) he has not provided any evidence in support of his claims. Second, even if the Court accepts the allegations in the Petition as true, Johnson has failed to prove ineffective assistance of counsel.

I.  PROCEDURAL ISSUES

   A.   Relitigation of Direct Appeal

The Government argues that Johnson's claims should be procedurally barred because they are the same issues he presented on appeal repackaged as ineffective assistance of counsel claims.

Relief under 28 U.S.C. § 2255 is only appropriate if a petitioner

demonstrates "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995); see Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993). A motion under § 2255 is not a substitute for a direct appeal, nor can it be used to evade the decision of an appellate court on direct appeal. United State v. Frady, 456 U.S. 152, 165 (1982); Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995).

A petitioner moving under § 2255 cannot raise issues already raised on direct appeal, absent a showing of new evidence or changed circumstances. Varela v. United States, 481 F.3d 932, 935-36 (7th Cir. 2007). Nor can he raise non-constitutional issues that he could have raised on direct appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). Finally, a petitioner may not raise constitutional issues that were not raised on direct appeal, unless he shows cause for and actual prejudice from the failure to appeal. Id.

The Government contends that Johnson has simply repackaged his arguments before the Seventh Circuit as ineffective assistance of counsel claims, and that such claims should be rejected because they have already

been appealed. See Soy v. United States, 2008 WL 2954981, at *6 (N.D. Ind. July 28, 2008) (noting that issues recast as ineffective assistance of counsel claims may be procedurally barred). However, Johnson did not present an ineffective counsel claim *per se* before the Seventh Circuit, and the U.S. Supreme Court has expressed reluctance to procedurally bar ineffective assistance of counsel claims. See Massaro v. United States, 538 U.S. 500, 504-05 (2003).

The Court declines to dispose of Johnson's claims on this procedural ground. Johnson did not raise an ineffective assistance of trial counsel claim on appeal, and he has not had the opportunity to raise an ineffective assistance of appellate counsel claim. However, as discussed below, the Court rejects Johnson's claims both for failing to present evidence, and on the merits.

B.  Failure to Present Evidence

The Government argues that Johnson has failed to present evidence supportive of his ineffective assistance of counsel claims. This contention is correct.

To prevail on a motion under § 2255, the petitioner must present some evidence of his claim. Galbraith v. United States, 313 F.3d 1001,

9

1008-09 (7th Cir. 2002); Daniels v. United States, 54 F.3d 290, 293 (1995); United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir. 1989). "[T]he sort of evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations." Galbraith, 313 F.3d at 1009. Absent such evidence, a district court cannot grant even an evidentiary hearing. See Barry v. United States, 528 F.2d 1094, 1101 (7th Cir. 1976) (holding that in order for a court to hold a hearing "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions").

Allowing such hearings absent any new evidence would contravene a main goal of the justice system, which is to settle matters with "speed, economy and finality." Liss v. United States, 915 F.2d 287, 290 (7th Cir. 1990). While it is true that a district court has a "special responsibility" to liberally construe a pro se petitioner's filings, the court is not to take on the role of advocate. Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996).

Despite this Court's "special responsibility" to liberally construe Johnson's Motion, he does not present any probative evidence that supports

his claims. Johnson has not presented a single affidavit--not even his own--supporting his version of his attorneys' conduct. As Johnson points out in his Reply, he signed his Motion under penalty of perjury, but this document contains only bare allegations, and lacks specific, detailed facts; Johnson's Memorandum Under Title 28 U.S.C. § 2255 (d/e 4), which is unsworn, is likewise deficient.

Johnson's claims fail for lack of evidence, and his Motion must be denied. Without such evidence, the Court cannot even grant an evidentiary hearing. See Barry, 528 F.2d at 1101. Further, even if the Court accepts Johnson's allegations as evidence, he has still failed to demonstrate that he is entitled to relief under § 2255.

II.   INEFFECTIVE ASSISTANCE OF COUNSEL

Johnson argues that his Sixth Amendment rights were violated when he was denied effective assistance of counsel both during the sentencing phase of the underlying criminal case, and during the appeal of that case. Both claims are without merit.

To prove ineffective assistance of counsel, a petitioner must show: (1) that his attorney's representation was objectively deficient; and (2) that the deficient representation caused him prejudice. Strickland v. Washington,

11

466 U.S. 668, 687 (1984). To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms. Id. at 688. However, the presumption is that "an attorney's conduct is reasonably proficient." Galbraith, 313 F.3d at 1008. To prove prejudice, a petitioner must prove a reasonable probability that but for his attorney's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

    A.    Ineffective Assistance of Trial Counsel

Johnson argues that his trial counsel failed to: properly investigate the obstruction of justice charge; consult with him; call witnesses to counter the obstruction of justice charge; argue applicable precedent on the obstruction of justice charge; and object to the loss of the safety valve reduction and acceptance of responsibility reduction.

Even a cursory perusal of the record reveals that Johnson's contentions are without basis. To the contrary, Johnson's attorney hired an independent investigator to look into the incident between Johnson and Raymond and then filed follow-up report after follow-up report as additional commentaries

on sentencing factors to support his objection to the sentence enhancements contained in the PSR. Johnson's attorney called several witnesses to the stand during his sentencing hearing; these witnesses testified about the altercation leading up to the obstruction of justice enhancement, which went hand-in-hand with the loss of the acceptance of responsibility reduction and the safety valve reduction. Trial counsel argued that the facts as presented to the Court were insufficient to support an obstruction of justice enhancement, and that Johnson should therefore have the benefit of the reductions.

The arguments that Johnson now presents to the Court are virtually identical to the arguments his attorney made on his behalf during the sentencing phase of the criminal case. Yet Johnson now claims that his attorney's conduct violated his Sixth Amendment right to effective assistance of counsel. This argument makes no sense. If anything, the record demonstrates that Johnson's trial counsel was more than reasonably proficient.

There is simply no evidence that supports Johnson's version of events. At sentencing the Court specifically discredited Raymond's contention that Johnson threatened her with a gun, but the Court also found that his

13

conduct toward Raymond, when put in context, was threatening and was done to impede the administration of justice. The Seventh Circuit reviewed the evidence *de novo* and agreed with the District Court's findings. Johnson, 497 F.3d at 725-26.

In light of the foregoing, Johnson's claim as to his trial counsel is denied.

B.    Ineffective Assistance of Appellate Counsel

Johnson next argues that his appellate counsel failed to adequately research and cite applicable precedent, and failed to consult with him throughout the appellate process.

These claims are without merit. Johnson's appellate counsel presented the very arguments to the Seventh Circuit that Johnson is now presenting to this Court. While his attorney may not have cited the same cases that Johnson cites in his Motion, his attorney nonetheless presented comparable case law, and advanced the same arguments regarding the lack of evidence for an obstruction of justice enhancement and the propriety of acceptance of responsibility and safety valve reductions.

There is no evidence that Johnson was denied his Sixth Amendment right to effective assistance of counsel during the prosecution of his appeal.

THEREFORE, Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   October 5, 2009

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE